1

2    UNITED STATES DISTRICT COURT

3    EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    ROBERT VARELA,                              Case No. 1:13 cv 00153 GSA PC

8              Plaintiff,

9    vs.                                          ORDER DISMISSING COMPLAINT AND
                                                   GRANTING PLAINTIFF LEAVE TO FILE
10   MARGARET MIMS, et al.,                        AN AMENDED COMPLAINT

11             Defendants

12                                                 AMENDED COMPLAINT DUE
                                                   IN THIRTY DAYS

13

14   I.     **Screening Requirement**

15          Plaintiff is a county jail inmate  proceeding pro se and in forma pauperis in this civil

16   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge

17   jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

18          The Court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25

26   _____

27

28   [1] Plaintiff filed a consent to proceed before a magistrate judge on February 14, 2013 (ECF No. 5).

1

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody at the Fresno County Jail, brings this civil rights action

Fresno County Sheriff Margaret Mims and the Fresno County Jail Medical Department.  Plaintiff

does not make any statement of claim in his complaint.  Plaintiff refers the Court to exhibits

attached to his complaint.

Plaintiff is advised that the Court will not consider the exhibits attached to his complaint

in order to determine whether the complaint states a claim for relief.  Plaintiff must allege facts

in his complaint indicating how each individual defendant engaged in conduct that deprived

Plaintiff of a protected interest.

**A.     Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

need' by demonstrating that 'failure to treat a prisoner's condition could result in further

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v.

Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate

indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

further harm in order for the prisoner to make a claim of deliberate  indifference to serious

medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).[2]

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected her condition.  Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here. The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

_____

[2] Plaintiff does not indicate whether he is a pretrial detainee or serving a sentence of confinement. While the deliberate indifference standard is applied under Constitutional provision, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, governs plaintiff's claim for denial of medical care as a pretrial detainee.  See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991) (applying deliberate indifference standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment).

t.

that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### B.   Supervisory Liability

The only named individual defendant is Sheriff Mims.   Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal , 556 U.S. 662, 673 (2009).   Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.   Id. at 673.   In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   Plaintiff has not alleged any facts indicating personal participation by Sheriff Mims in any deprivation of Plaintiff's rights.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

4

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 22, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28