UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VARELA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MARGARET MIMS, et al.,<br><br>　　　　　Defendants. | 1:13-cv-00153-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 7.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.　　BACKGROUND**

　　Robert Varela ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on January 31, 2013. (Doc. 1.)

　　On February 14, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

　　The court screened Plaintiff's Complaint and issued an order on October 22, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On

November 12, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 7.)

## II.   SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Wasco State Prison in Wasco, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  The events at issue allegedly occurred at the Fresno County Jail in Fresno, California, when Plaintiff was in custody there.  Plaintiff names as defendants the Fresno County Jail Medical Department, Dr. Rubalcava, Dr. Penny, and the Medical Staff (collectively, "Defendants").  Plaintiff's allegations follow, in their entirety:

> Due to lack of medical care and attention I suffered with pain for chronic medical problems I had prior to being incarcerated. Upon my detention I obtained prescription as well as medical records from my personal doctor by way of fax and personally delivered [them] to Jail Medical Department.  I suffered from pain, swelling, and bone joint inflammation for over a period of five to six months.  I was never seen by a Jail facility doctor or even admitted to Hospital or facility infirmary for any evaluation. Suffered muscle tension, resulting in a knot developing on my right top side of right knee with lack of proper mobility.

///

(First Amended Complaint at 3 ¶IV). Plaintiff requests monetary damages and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Municipal Liability

Plaintiff names as defendant the Fresno County Jail Medical Department. A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008) (a section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom); Galen v. Cnty. of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.

Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

Plaintiff has not alleged that the Fresno County Jail Medical Department was following a deliberate policy, custom, or practice which was the moving force behind the constitutional violation suffered.  Nor has Plaintiff shown that Fresno County was on notice that its omissions would likely result in a constitutional violation.  Therefore, Plaintiff fails to state a claim against Fresno County, Fresno County Jail, or the Fresno County Jail Medical Department.

### B.   Personal Participation

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

In the Amended Complaint, Plaintiff fails to allege any facts showing personal participation by any individual defendant in acts against Plaintiff.  Therefore, Plaintiff fails to state a claim against any of the Defendants.

### C.   Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff fails to state a medical claim against any of the Defendants. While Plaintiff has shown that he had serious medical needs, he has not shown that any of the Defendants acted against him, knowing of and deliberately disregarding a substantial risk to Plaintiff's health.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff was advised that he "may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected [his] condition." (Order, Doc. 6 at 3:15-17.) Plaintiff was told that he "must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm." (Id. at 3:17-18.) Plaintiff was advised by the court that he "must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.: (Id. at 4:3-4.) Plaintiff has failed to do so in the First Amended Complaint.

Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983. The Court finds that the deficiencies outlined above are not

///

capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

    Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

    Dated:   **June 3, 2014**          **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE